IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 18-cv-02149-RBJ

HANOVER INSURANCE COMPANY,

     Plaintiff,

v.

PARAMOUNT FINANCIAL SERVICES, d/b/a Tax Tiger;
PARTRICIAL LANNING;
RAMIL ABRATIQUE;
CARYL GRIFFITH-ABRATIQUE;
CHARLOTTE HANCEY;
STEPHANIE HURST;
ROBERT KLEEMAN JR.;
LAW OFICE OF MICHAEL E. CAIN L.L.C.;
BRIAN MICHAUD;
SCOTT REED;
LAURA REED;
CATHERINE REPP;
RAFAEL RODRIGUEZ;
DAVID SANDERS
MARSHA SANDERS;
ROGER SCOTT;
STEPHEN STRONG;
SHARI STRONG;
PARTICIA TAYLOR; and
RONALDWOODCOCK,

     Defendants.

---

## ORDER GRANTING SUMMARY JUDGMENT

---

     Hanover Insurance Company seeks rescission of an Accountants Professional Liability Insurance Policy that it had issued to Paramount Financial Solutions. The defendants have been served and have either defaulted, or have agreed to abide the result, or have been dismissed.

Plaintiff seeks summary judgment in order to obtain a judicial ruling that the policy is void. The motion is now granted for the reasons briefly summarized in this order.

## BACKGROUND

On June 5, 2017 defendant Patricia Lanning, as Chief Financial Officer of Paramount Financial Solutions Inc., d/b/a Tax Tiger, executed a renewal application for an Accountants Professional Liability Insurance policy for the period June 25, 2017 to June 25, 2018. ECF No. 1-1. Among other things Ms. Lanning represented that after inquiry of all owners, partners, officers and professionals of the firm and affiliates, she had no knowledge of any incidents or circumstances that might result in a claim being made against Tax Tiger. *Id.* at 5, ¶21(c). The application also provided "Notice" that any claim or potential claim of which any owners, partners or officers had any knowledge prior to inception of the policy would not be covered, and that failure to identify claims made during the term of the applicant's current policy or facts, circumstances or events that might give rise to a claim against the current policy "may be considered fraudulent and invalidate any policy which may subsequently be issued by Hanover." *Id.*

Plaintiff alleges that in reliance on the representations made in the application, it issued policy no. LH4A63874502 (the subject policy). ECF No. 1 at 4-5, ¶24. The policy states that Hanover will pay sums that the insured becomes legally obligated to pay as damages arising from a wrongful act in the rendering or failure to render professional services, provided that the insured had no knowledge of facts which could have reasonably caused the insured to foresee a claim. ECF No. 1-2 (the policy) at 8, ¶A.1.b.

However, the Complaint asserts (upon information and belief) that prior to 2017, Ms. Lanning began accepting upfront fees for services from clients but not performing any professional services for those clients. ECF No. 1 at 8, ¶35. In February 2018 Ms. Lanning

caused Tax Tiger to cease conducting the business of Tax Tiger and closed the office location. *Id.* ¶36. Since that time Hanover has received notices of claims from various clients of Tax Tiger who contend that they paid Tax Tiger fees for tax services that were never performed. *Id.* ¶37.

Hanover filed the present suit on August 22, 2018, claiming that it is entitled to rescind the policy due to the misrepresentations and omissions in the application. Alternatively, it seeks a declaration that it has no obligation to defend or indemnify the insured against any of the clients' claims. ECF No. 1 at 21. Named as defendants are Paramount (Tax Tiger), Ms. Lanning, and a list of the underlying client claimants.

Paramount and Ms. Lanning were served on September 17, 2018. ECF Nos. 9 and 10. A Clerk's default has been entered against them. *See* ECF No. 31. Defendants Patricia Taylor, Robert Kleeman, Jr., Catherine Repp, Ronald Woodcock, Charlotte Hancey, Laura Reed, Scott Reed, Brian Michaud, Roger Scott, Michael Cain, and Rafael Rodriguez have also been served. ECF Nos. 11, 12, 13, 14, 16, 17, 18, 19, 20, 21 and 22. Only one of those defendants, Mr. Kleeman, answered. ECF No. 15. He was subsequently dismissed. *See* ECF Nos. 41 and 43. Plaintiff has also dismissed defendants Ramil Abratique, Caryl Griffith-Abratique and Stephanie Hurst. *See* ECF Nos. 23, 24, 28. Defendants Richard and Marsha Sanders have stipulated to be bound by the results. ECF No. 35. In short, all defendants except the Strongs have agreed to abide the result, or have been dismissed.[1]

## FINDINGS AND CONCLUSIONS

No defendant has disputed the fact that Ms. Lanning, on behalf of Tax Tiger, knowingly and intentionally misrepresented material facts and omitted to disclose material facts in the

---

[1]The Court is informed that Stephen and Shari Strong were provided a waiver of service form but did not return it and, therefore, were never served.

application to renew the policy for the June 25, 2017-18 term, i.e., that, she was taking payments from clients but was not providing professional services to them. Accordingly, the Court finds and concludes that Hanover may rescind the policy. *See Hollinger v. Mut. Benefit Life Ins. Co.,* 560 P.2d 824, 827 (Colo. 1977). Moreover, even if the policy were not voided by the insured's conduct, that conduct would eliminate coverage under the policy for claims based on that conduct.

## ORDER

1. Plaintiff's motion for summary judgment, ECF No. 48, is GRANTED.

2. Hanover Insurance Company may rescind Hanover Policy No. LH4A63874502, providing Accountants Professional Liability Insurance coverage to Paramount Financial Solutions Inc., d/b/a Tax Tiger, for the term June 25, 2017 to June 25, 2018, based upon material misrepresentations and omissions in in the policy application.

3. Alternatively, the Court declares that claims asserted against Paramount Financial Solutions Inc., d/b/a Tax Tiger, or Patricia Lanning under Hanover Policy No. LH4A63874502 based on the failure to provide professional services for which the claimant has paid are outside the scope of coverage of the policy.

4. As the prevailing party, plaintiff is awarded its reasonable costs to be taxed by the Clerk pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED this 28th day of January, 2020.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge

4